**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1126
_____

TERRY P. DOR,
                                            Appellant

v.

TD BANK;
LENORE GORDON;
KEITH NISBET
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-21-cv-18955)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2024

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed June 28, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Terry P. Dor appeals the District Court's grant of summary judgment in favor of the Defendants. For the reasons that follow, we will affirm.

Dor filed his amended complaint under Title VII of the Civil Rights Act of 1964, and alleged that the Defendants discriminated against him on the basis of "race, national origin, and color." Dor identified his race as Black and Indian, and identified his national origin as "a United States citizen, African American, Caribbean American, and Haitian American." He alleged that while he was working for Defendant TD Bank, he was "denied trainings, fair compensation bonus, transfer to other departments, transfer to other offices, networking opportunities, proper working equipment, and verbally disrespected because of [his] race, national original, and color." He also stated that he was "bullied very badly" by Defendant Lenore Gordon, and that he was "struck down at every opportunity to learn or advance" by Gordon and Defendant Keith Nisbet. Dor reported to Gordon, who reported to Nisbet. Following discovery, the Defendants filed a motion for summary judgment, which was granted by the District Court. Dor timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment, applying the same standard as the District Court, and we may affirm on any basis supported by the record. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

2

Pursuant to Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). To prevail on a Title VII claim of employment discrimination, "the plaintiff must first establish a prima facie case of discrimination by showing that: (1) s/he is a member of a protected class; (2) s/he was qualified for the position s/he sought to attain or retain; (3) s/he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

If the plaintiff clears this first hurdle, then the burden shifts to the defendant "to rebut the presumption of discrimination by producing evidence" that the defendant's actions were taken "for a legitimate, nondiscriminatory reason." Tex. Dep't of Cmty. Affs. v. Burdine, 450 U.S. 248, 254 (1981). After this point, the plaintiff has "the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision," and "may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. at 256.

The District Court noted that the parties did not dispute that Dor satisfied the first and third elements of establishing a prima facie case of discrimination, because he is a

member of a protected class (Black and Indian) and he suffered an adverse employment action (termination from his position with TD Bank). The District Court determined that Dor satisfied the second element of this test as well, in that he was qualified for his position. However, the District Court concluded that Dor failed to establish the fourth element because his termination did not occur under circumstances giving rise to an inference of unlawful discrimination. With respect to this issue, the District Court noted that evidence in the record supported the Defendants' contention that Dor's deficient performance, rather than any circumstances giving rise to an inference of unlawful discrimination, was the reason for his termination.

The District Court also noted that Dor did not dispute the facts presented by the Defendants showing that there was no evidence of proper comparators for the purposes of determining whether there was an inference of unlawful discrimination. It further determined that although Dor alleged that he suffered various acts that comprise circumstantial evidence giving rise to an inference of unlawful discrimination, he did not cite to any evidence in support of these allegations. Consequently, the District Court concluded that Dor's "conclusory allegations and unsworn statements unsupported by record evidence are insufficient to raise a material dispute of fact and survive summary judgment." Moreover, it noted the undisputed fact that Gordon is the same race (Black) and national origin (Caribbean American) as Dor, and that this fact weighed against an inference of discrimination.

4

The District Court ultimately determined that Dor failed to meet his "burden to provide some affirmative evidence, not just mere allegations or Plaintiff's say-so, to establish a prima facie case of intentional discrimination and to show that there is a genuine dispute for trial." It therefore concluded that summary judgment was warranted. The District Court also determined that summary judgment was appropriate with respect to the claims against Gordon and Nisbet because (1) individual employees cannot be held liable under Title VII and (2) in any case, the claims against these Defendants are redundant since Dor's former employer, TD Bank, is also a Defendant in the case.

In his appellate brief, Dor states that he is "looking to appeal [the District Court's order] because the court did not fully read Plaintiff's Opposition to Defendants' Summary Judgment Motion." He also alleges that a similarly situated comparator under TD Bank's employ—Mr. Scott Mullarkey, who is Caucasian—received a promotion shortly after Dor's termination and this fact gives rise to an inference of unlawful discrimination, as do the weighting of Mullarkey's and Dor's portfolio investment reviews. He claims that the "court failed to identify [his] similar[ly] situated comparator based on too specific on job title," but does not present specific comparators aside from the previously mentioned Mullarkey. He contends that "as long as we are in the same department, performing the same functions and reporting to Ms. Gordon should be adequate enough to show similar[ly] situated comparators."

5

Dor also characterizes the Defendants' reason for termination as "failure to complete objective (1) outlined in the Performance Improvement Plan (PIP) – Copy or bcc Ms. Gordon on 3rd party communication," and then argues that this reason was false but does not cite to the record in support of this contention. With respect to his alleged poor performance, he claims that he satisfied the requirements of his Performance Improvement Plan, and that Gordon both "created a fictional story" about Dor's performance and "did not check [his] end of year work." He further argues that his case is supported by a statement from the president and CEO of TD Bank indicating that employees would not be terminated during the COVID-19 pandemic.

Firstly, we reject out of hand Dor's allegation that the District Court did not read his submitted documents. The District Court explicitly stated that it "reviewed and considered Plaintiff's summary judgment submissions and viewed them in a light most favorable to Plaintiff," despite the fact that Dor "failed to comply with the applicable federal and local rules for summary judgment because while he submitted over 1,400 pages of exhibits . . . he did not cite to any record evidence or to either party's statement of material facts."

Next, we turn to Dor's allegation regarding similarly situated comparators. He argues that the "title of 'Asset Manager' is adequate enough as all Asset Managers report to Ms. Gordon regardless of level or seniority," but this differentiation based on level or seniority belies the contention that one unspecified asset manager could be an adequate

comparator for another. Turning to Dor's argument regarding Mullarkey, the District Court concluded that Dor had failed to cite to any evidence in support of his claim and that, even if he had done so, he failed to show how this allegation gives rise to an inference of unlawful discrimination. Moreover, the District Court noted that Dor did not dispute that: (1) Mullarkey had a different title; (2) Mullarkey moved departments before Dor worked at the Bank; and (3) there is no evidence that Mullarkey had any performance issues similar to Dor's. Dor does not refute these facts in his appellate brief. Consequently, we concur with the District Court's conclusions regarding comparators and Dor's failure to present circumstances that would give rise to an inference of discrimination.

With respect to Dor's contention regarding the statement from TD Bank's president and CEO, the relevant section indicates that TD Bank's policy was that there was to be "no job losses in 2020 as a result of COVID-19." Dor appears to contend that TD Bank violated this policy for discriminatory reasons, but fails to support such an argument, especially since the statement relates to job losses due to COVID-19, not job losses due to poor performance. Consequently, Dor fails to show how this statement gives rise to an inference of unlawful discrimination.

Finally, Dor provides no support from the record for his allegations regarding Gordon's actions against him and his statements about the Defendants' claims regarding his alleged poor performance. Furthermore, it appears that he is attempting to show that

7

the Defendants' reason for his termination was pretextual, but the District Court did not analyze this issue as Dor failed to establish his prima facie case of discrimination. To the extent he is attempting to do so here, he fails to demonstrate how these unsupported claims amount to circumstances that give rise to an inference of discrimination.

In sum, we agree with the District Court's conclusions that Dor failed to establish a prima facie case of discrimination and that summary judgment was therefore appropriate. Accordingly, we will affirm the judgment of the District Court.